IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| HEATHER R. MARTIN,<br><br>   Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>   Defendant. | No. 9:20-CV-130 |

## REPORT AND RECOMMENDATION

This case is currently assigned to the Honorable Thad Heartfield and was referred to the undersigned for disposition of the *Petition and Brief for Award of Attorney Fees* (Dkt. No. 25). On March 7, 2022, the Honorable Ron Clark, the previous presiding judge, entered an *Order Accepting the Undersigned's Report and Recommendation* and entered the final judgment. (Dkt. Nos. 21, 22.)

Now before the court is the Plaintiff's post-judgment motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 26.) The EAJA, codified at 28 U.S.C. § 2412, *et seq.*, empowers courts to award attorney's fees to parties who prevail in litigation against the United States.

Plaintiff's counsel initially requested an award of attorney's fees in the amount of $4,818.80. To establish that the fee request was within the confines of 28 U.S.C. § 2412(d)(2)(A)(ii), Plaintiff's counsel submitted an itemized statement that shows 21.80 hours were billed to this case at the hourly rate of $196.30 for attorney time in 2020, $206.70 for time in 2021,

ad $220.10 in 2022.[1]  (Doc. No. 25.)   On June 1, 2022, the Commissioner filed a response to the Plaintiff counsel's request.  (Dkt. No. 26.)  The Commissioner submitted that "a reasonable award of EAJA fees for the services rendered in this case is $4,818.80."  (*Id.*)

In *Shalala v. Schaefer*, 509 U.S. 292, 295 (1993), the Supreme Court stated that, "a court's order to remand a case pursuant to sentence four of §405(g) necessarily means that the Commissioner committed legal error."  Consequently, the Plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court since there are no special circumstances or a showing that the position of the United States was substantially justified.

Counsel's attachment to the application for attorney fees includes a recitation of legal services performed and time required.  After an independent review of the record, the court finds that this amount of time was reasonable.  The undersigned calculates Counsel's request at the rate of $125.00 per hour, plus cost-of-living enhancements calculated at the annual CPI rate for the year the work was completed.  This rate is not in excess of the statutory maximum when cost of living adjustments are calculated.

Therefore, the undersigned United States Magistrate Judge recommends that:

1. Plaintiff's application for attorney's fees be granted;

2. The Commissioner of Social Security pay Heather R. Martin, in care of her attorney, Ronald D. Honig, an attorney fee in the amount of $4,818.80, and it should be mailed to: Heather R. Martin, in care of her attorney, Ronald D. Honig, at his office address, 9330 LBJ Frwy., Suite 870, Dallas, TX 75243;

3. This award be subject to any beneficial, contractual and/or assignment-based interests held by the Plaintiff's attorney; and

4. If successful at the administrative level, the Plaintiff be granted an extension of thirty days from receipt of the Notice of Award from the Social Security Administration to file a motion for attorney's fees under 42 U.S.C. § 406(b).

---

[1] This hourly rate is based upon the standard rate of $125 then concurrently adjusted to account for increased costs of living consistent with the Consumer Price Index ("CPI") for All Urban Consumers. Available at: http://www.bls.gov/cpi/home.htm.  The CPI table provides an average rate for the entire year.

## **OBJECTIONS**

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 13th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge